IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:05-cr-30157-MJR |
| | ) |
| MICAH A. AKUMU, | ) |
| | ) |
| Defendant. | ) |

### ORDER

This matter is before the Court on the Motion to Determine Competency to Stand Trial pursuant to 18 U.S.C. §§ 4241(a) filed by the Plaintiff, United States of America, on October 13, 2005 (Doc. #3) and the Defendant's Response To Government's Motion to Determine Competency (Doc. #6). The Court construes the Government's motion to be a motion to determine competency *and* a motion to determine Defendant's sanity at the time of the commission of the crime.  For the reasons set forth below the Motion to Determine Competency to Stand Trial and to Determine Sanity pursuant to 18 U.S.C. §§ 4241(a) and 4242(a) is **GRANTED**.

#### BACKGROUND

The Defendant is charged in an indictment with two counts of threatening use of weapons of mass destruction.  On October 11, 2005, this Court held an initial appearance, arraignment, and detention hearing for the Defendant.  At the hearing the following evidence was presented to the Court:

On September 2, 2005, the Defendant was interviewed at the Collinsville (Illinois) Police Department by F.B.I. Special Agent Matthew J. Iskrezycki.  Special Agent Iskrezycki was

assigned to the Joint Terrorism Task Force (JTTF).  The Defendant was, at the time of the interview, detained by the Collinsville Police on a charge of possession of a stolen automobile.  When interviewed by Special Agent Iskrezycki, the Defendant stated that he was in the St. Louis area to "take care of" the Arch.  He stated he had bombs about the size of walkie-talkies at the Adam's Mark Hotel in downtown St. Louis, Missouri.  He further stated that he had already delivered four bombs to individuals in the St. Louis area.

The authorities searched the Defendant's room at the Adam's Mark Hotel.  No bombs or bomb making material were found.  When told by the authorities that no bombs had been found in his hotel room, the Defendant stated that he had made up the story because he wanted to be deported to Kenya.[1]

Further, the evidence produced at the hearing on October 11th indicated that in April of 2005, the Defendant had contact with a JTTF in San Antonio, Texas.  According to Special Agent Iskrezycki, the Defendant had threatened to blow up a Northwest Airlines plane traveling from Minneapolis to London.  Because of that threat, the Defendant was placed on a "no fly list" as a precautionary measure.   Moreover, during that time, the Defendant claimed to be associated with a subgroup of Al Quaeda.

At the hearing, the Defendant reported to the Court that he was currently under the care of a psychiatrist for acute depression.  The Defendant reported that he takes Zoloft and Zuprexa for his depression.  The Defendant's father confirmed his statements and further said that his son does not take his medication on a regular basis.

---

[1] It should be noted that information obtained by the Probation Office indicates that the Defendant and his family were granted political asylum because of political persecution in Kenya.  The Defendant is currently classified as a refugee.

**DISCUSSION**

**Competency**

The Government moves the Court to issue an order requiring the determination of whether the Defendant is competent to stand trial pursuant to 18 U.S.C. §4241.  The Defendant concurs with the Government's request.  Based on the evidence heard at the Oct. 11th hearing, the Court **FINDS** reasonable cause to believe that the Defendant, Micah A. Akumu, may presently be suffering from a mental defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  Therefore, pursuant to 18 U.S.C. § 4241(b), the Court **ORDERS** that a examination be conducted to determine whether the Defendant is competence to stand trial.

**Sanity**

In his response to the Government's motion, the Defendant further asks this Court to order an evaluation to determine if the Defendant was sane at the time of the alleged offense.  The Government has no objection to requiring such a determination. 18 U.S.C. §4242 states that if a Defendant files a notice pursuant to Federal Rule of Criminal Procedure 12.2, the Court may order a sanity determination upon motion by the Government.  While the Defendant has filed the necessary Rule 12.2 notice, the motion for a sanity determination was made by the Defendant and not the Government.  However, as the Government has no objection to such a sanity determination, the Court is construing the Government's motion as a motion under §4242(a), in addition to §4241, thus meeting the filing requirements of §4242(a).  The Court **GRANTS** the Government's motion for an order requiring the examination of the Defendant, to determine if he was sane at the time of the alleged offense.

Accordingly and in summary, it is hereby **ORDERED** that, pursuant to 18 U.S.C. §4241, §4242 and §4247:

- A psychiatric/psychological evaluation **SHALL** be conducted on Micah A. Akumu by a licensed or certified psychiatrist or psychologist at a suitable facility designated by the United States Attorney General or his representative.

- Micah A. Akumu is committed to the custody of the United States Attorney General or his representative for transportation to, placement in, and evaluation in a suitable facility.

- The evaluation shall be completed within 45 days, unless an extension of time is sought from (and granted) by this Court, under 18 U.S.C. § 4247(b). The 45 day period shall not commence until Micah A. Akumu physically arrives in the facility designated for his evaluation. The director of the facility may apply for a reasonable extension not to exceed thirty (30) days, upon a showing of good cause the additional time is necessary to observe and evaluate the defendant.

- The psychiatrist or psychologist shall prepare a report of his findings, furnish the report to counsel, and file the report with the Court. The Court will set a hearing on Micah A. Akumu's competency to stand trial after receipt of the report.

- The report shall contain the items delineated in 18 U.S.C. §4247(c), including the examiner's opinion as to whether Micah A. Akumu is mentally competent to stand trial (*i.e.*, whether he is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense) and whether Micah A. Akumu was insane at the time of the offense charged.

**DATED: October 14, 2005**

> s/ Donald G. Wilkerson
> **DONALD G. WILKERSON**
> **United States Magistrate Judge**